# FEDERAL PUBLIC DEFENDER
EASTERN DISTRICT OF MISSOURI

**LEE T. LAWLESS**
FEDERAL PUBLIC DEFENDER

1010 MARKET ST.
SUITE 200
ST. LOUIS, MO 63101

**DIANE L. DRAGAN**
ASSISTANT FEDERAL PUBLIC DEFENDER

(314) 241-1255
FAX: (314) 421-3177

August 4, 2016

Mr. Cristian M. Stevens
Assistant United States Attorney
111 S. 10th Street
St. Louis, MO 63102

                                      **Re: United States v. Melvin Dante Hardy**
                                              4:15 CR 489 JAR

Dear Mr. Stevens:

      I have received your letter dated August 2, 2016, in which you request "reciprocal discovery pursuant to Federal Rules of Criminal Procedure 12.1(a), 16, and 26.2." I am writing to inform you that I am not in possession of any materials that pertain to your request.

      Fed. R. Crim. P. 12.1(a) applies when a defendant intends to present an alibi defense. Mr. Hardy will not be presenting an alibi defense. Thus, I am not in possession of any materials discoverable under Fed R. Crim. P. 12.1(a). Although Mr. Hardy will deny he was present at Genevieve on the morning of the search warrant. That evidence is in your possession and contained in the governments 302 of Mr. Sims.

      Fed. R. Crim. P. 16, with respect to reciprocal discovery defense obligations, is limited to materials that will be used in the defense's case-in-chief. Fed. R. Crim. P. 16(b)(1)(A)(ii). The defense, at trial, may use evidence in its possession not disclosed under Rule 16 so long as that evidence is only used solely for impeachment purposes. *See United States v. Eason*, 2016 WL 3769477, at *3 (8th Cir. July 14, 2016) ("[T]he fact that defense counsel did not turn over the video to the government prior to trial is not grounds to prohibit the defense from using the video for impeachment purposes."); *United States v. Medearis*, 380 F.3d 1049, 1057 (8th Cir. 2004) ("[T]he requirement of reciprocal pre-trial disclosure under Rule 16(b)(1)(A) includes only documents which the defendant intends to introduce during his own case-in-chief….Because counsel for [defendant] was attempting to use the letter to impeach [witness's] testimony, it was not excludable under Rule 16(b)(1)(A).") Counsel is in possession of material it intends to use to impeach witnesses and will be turned over after the witness

has testified and the material becomes relevant.  Should the government witnesses testify truthfully, the impeachment material will not be used.

Fed. R. Crim. P. 26.2 applies to a witness's "statements", and is a right to discovery that only attaches "[a]fter a witness other than the defendant has testified on direct examination[.]"Fed. R. Crim. P. 26.2(a). Since at this time no witnesses have yet testified on direct examination, any request pursuant to Fed. R. Crim. P. 26.2 is premature.

Counsel has noticed you via email of her intent to call Greg Chattin as an expert witness related to the forensic evidence recovered from the phones seized by the government.

Sincerely,

Diane L. Dragan
Assistant Federal Defender