UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA,** ) | |
| ) | |
| **Plaintiff,** ) | |
| v. ) | No. 4:15CR489 JAR |
| ) | |
| **MELVIN DANTE HARDY, AKA MD,** ) | |
| ) | |
| **Defendant.** ) | |

**GOVERNMENT'S MOTION FOR PROTECTIVE ORDER AND
RESPONSE TO DEFENDANT'S MOTION TO COMPEL DISCOVERY**

COMES NOW the United States of America, by and through its attorneys, Richard G. Callahan, United States Attorney for the Eastern District of Missouri, and Cristian M. Stevens, Assistant United States Attorney for said District and, for its response to defendant's motion to compel discovery, states as follows:

**I.   ARGUMENT**

Defendant's motion to compel discovery, unsupported by any citation to legal authority, degenerates into a laundry list of materials to which defendant largely is not entitled under the discovery rules, are irrelevant to the suppression issue at hand, or otherwise are not discoverable.

For example, at the outset, defendant mischaracterizes the testimony of Secret Service Special Agent Daniel Doyle as expert opinion testimony requiring disclosure of the "basis and reasons for those opinions, and the witness's qualifications."  Motion at 1 (citing Fed. R. Crim. P. 16(a)(G) [sic]).  Agent Doyle was a fact witness who explained his experience with a cell site simulator and his personal involvement in the effort to find defendant, a fugitive for whom a parole violator's warrant had issued, on January 9, 2014.  Because Agent Doyle testified to his own role in the investigation and offered no opinion testimony, he is not an "expert."  See Fed. R. Evid.

1

701, 702.  Even if Agent Doyle's testimony may be characterized as that of an expert, he offered no opinion.  Defendant is not entitled to the "basis and reasons" for opinion testimony never offered.  Fed. R. Evid. 703, 705.

Likewise, defendant demands that "the government is required to produce any documents and objects in their [sic] possession 'material to the defense' this includes material necessary for preparing for a suppression hearing."  Motion at 1 (quoting Fed. R. Crim. P. 16(a)(1)(E)(i)).  Defendant simply is incorrect.  The Supreme Court has constrained Rule 16's requirement that the Government disclose items "material to preparing the defense," to "the defendant's response to the Government's case in chief" at trial.  United States v. Armstrong, 517 U.S. 456 (1996).  Even if this provision of Rule 16 applied in the present context, defendant would bear the burden to establish materiality, which "is not satisfied by a mere conclusory allegation that the requested information is material to the preparation of the defense."  United States v. Krauth, 769 F.2d 473, 476 (8th Cir. 1985).

The Government reminds the Court that it has disclosed nearly 800 bates-numbered pages of discovery to date.  Defense counsel repeatedly has erroneously questioned whether the Government has disclosed various discovery materials only to be directed to the specific bates number and date of disclosure of each item.  Despite the Government's repeated requests and defense counsel's acknowledgement that she possesses discoverable material, defendant has produced no discovery whatsoever.  At the appropriate time, the Government will seek its own order to compel discovery.

Regarding defendant's instant motion to compel discovery, the Government will address each of defendant's requests seriatim:

1. The Government has disclosed all existing information obtained from the cell phone

2

location warrant.  On information and belief, the Secret Service submitted the warrant to Sprint via Sprint's L-Site.  In response, Sprint disclosed information to the Secret Service on the L-Site.  That information was not retained by the Secret Service or the Sprint L-Site.  Thus, the Government requested directly from Sprint the records disclosed in response to the warrant.  Sprint disclosed those records to the Government.  The Government disclosed those records to defendant on August 29, 2016, as bates-numbered documents 728 to 767.  Furthermore, as defendant concedes, Agent Doyle testified to the information obtained from the L-Site at the August 30, 2016, hearing.  Notwithstanding the documents disclosed and the testimony provided, defendant erroneously alleges that "no such discovery has been provided."  Motion ¶1.

The Government requests that bates-numbered documents 728 to 767 and any other materials the Court may order disclosed pursuant to defendant's motion to compel discovery be made subject to the attached proposed protective order.  Such materials include law enforcement sensitive information relating to cell site simulators that may impact ongoing investigations, including investigations seeking to locate fugitives and other compelling investigations.  The dissemination of the materials could seriously jeopardize those continuing investigations.  This motion and the proposed protective order is submitted for the purpose of insuring that law enforcement sensitive information contained in discovery materials is not disseminated to third parties.

2.   The Government will identify the equipment used to locate defendant's cell phone, and will request that such information be made subject to the attached proposed protective order.

3.   The Government has disclosed all existing documents regarding efforts to identify the geographic location of defendant's cell phone, despite that it was not required to do so under the Jencks Act, 18 U.S.C. §3500, or any other discovery obligation.  Indeed, Federal Rule of Criminal

3

Procedure 16 makes clear that "this rule does not authorize the discovery or inspection of reports, memoranda, or other internal government documents made by an attorney for the government or other government agent in connection with investigating or prosecuting the case." Fed. R. Crim. P. 16(a)(2). On information and belief, the Secret Service and the St. Louis Metropolitan Police Department produced all responsive documents to the Government. The Government disclosed those documents on August 29, 2016, as bates-numbered documents 709 to 712. Agent Doyle and Detective John Baumann testified to that effect at the August 30 hearing. The Government requests that bates-numbered documents 709 to 712 be made subject to the attached proposed protective order.

4.   Agent Doyle testified at the August 30 hearing that many categories of data were not collected in the first place, and that no data was retained in the normal course. On information and belief, there is no documentation showing when and by whom any data was purged.

5.   On information and belief, documents reflecting the cell site ID and location area code of the cell site simulator do not exist. Even if they existed, such documents would be irrelevant to the suppression issue at hand and are not discoverable under Rule 16 or otherwise.

6.   Agent Doyle testified that there was no "real-time" tracking of the location of defendant's cell phone, and that any information otherwise obtained from the tracking of defendant's cell phone was not retained in the normal course. On information and belief, there is no documentation showing when and by whom any data was purged.

7.   As already stated in response to paragraph 3 above, the Government has disclosed all existing reports of investigation and any other documents regarding efforts to identify the geographic location of defendant's cell phone. The Government did so regardless whether the reports were authored and/or signed by the individuals who participated in the investigation to

identify the geographic location of defendant's cell phone, despite that it was not required to do so under Jencks or any other discovery rule. On information and belief, the Secret Service and the St. Louis Metropolitan Police Department produced all responsive documents to the Government. The Government disclosed those documents as bates-numbered documents 709 to 712. Agent Doyle and Detective Baumann testified to that effect.

8. Defendant fails to state any basis for his request for the operator's logs, training records, score sheets, certification records, training standards, and training manuals related to the cell site simulator. Such materials patently are irrelevant to the suppression issue before the Court. The Government does not intend to prove any fact at trial based on the accuracy of the cell site simulator. In any event, the cell site simulator undisputedly was accurate, considering that it found defendant and his cell phone, crack cocaine, morphine, and marijuana at 4042 C.D. Banks on January 9, 2014. In a similar suppression hearing context involving, say, a defendant's polygraph admissions, there would be no reason to make the polygraph machine available for inspection by a defense expert. The accuracy of the polygraph would not be at issue, just as the accuracy of the cell site simulator is not at issue here.

9. Defendant fails to state any basis for his request for all test protocols and results of tests performed on the cell site simulator. Such materials are irrelevant, the Government does not intend to prove any fact at trial based on the accuracy of the cell site simulator, and the device undisputedly was accurate in finding defendant's cell phone.

10. Again, defendant misapprehends the testimony of Agent Doyle and the requirements of Federal Rule of Criminal Procedure 16(a)(1)(G) and Federal Rules of Evidence 701, 702, 703, and 705. Agent Doyle testified as a fact witness to his experience with the cell site simulator and his role in the present case. Because Agent Doyle offered no opinion testimony, he is not an

"expert," and defendant is not entitled to the "basis and reasons" for an opinion never offered, or the "qualifications" of an expert witness who never testified.

11. As stated in response to paragraphs 3 and 7 above, the Government has disclosed all documents reflecting the dates, times and locations the device was used in this case.

12. On information and belief, documents related to any agreements or arrangements with the wireless carrier authorizing the device to become part of its network or authorizing the device to monitor a phone that receives service through its network do not exist.   Technically, the cell site simulator does not become a part of the network.   In any event, defendant fails to state any basis for his request.   Such documents are irrelevant to the suppression issue at hand and are not discoverable under Rule 16 or otherwise.

13. Defendant fails to state any basis for his request for documents reflecting the impact of the use of the device on access by defendant's cell phone to cellular service.   As defendant concedes, Agent Doyle testified to precisely that issue.   Defendant requests "materials which support this testimony."   Motion ¶13.   Defendant's request is more akin to a civil document request or interrogatory, and any such documents are not discoverable under Rule 16 or otherwise.

14. As already stated in response to paragraph 8 above, defendant's request for "training materials . . . related to the device used" is irrelevant to the suppression issue before the Court. The cell site simulator undisputedly was accurate, considering that it found defendant. Furthermore, defendant's request is based on the mischaracterization that Agent Doyle "opined as an expert on the cell site simulator."   Motion ¶14.   As already stated in response to paragraph 10 above, Agent Doyle did not offer an expert opinion.

15. Defendant, conceding that Agent Doyle testified to how the device worked, requests "[a]ll user manuals and/or hardware manuals . . . necessary to determine the credibility and

accuracy of his testimony." Motion ¶15. Defendant's request is more akin to a civil document request or interrogatory, and any such documents are not discoverable under Rule 16 or otherwise.

16. As already stated in response to paragraphs 4 and 6 above, Agent Doyle testified that many categories of data were not collected in the first place, and that no data was retained in the normal course. On information and belief, there is no documentation showing when and by whom any data was purged.

17. Agent Doyle testified to the broadcast radius of the device and conditions that effect the broadcast radius, yet defendant requests all documents reflecting the broadcast radius of the device. On information and belief, no documents contrary to Agent Doyle's testimony exist, and any documents otherwise regarding the broadcast radius of the device would not be discoverable under Rule 16 or otherwise.

18. As already stated in response to paragraphs 4, 6, and 16 above, and as defendant seems to acknowledge, Agent Doyle testified that the number of devices with which the cell site simulator exchanged signals was not retained in the normal course. On information and belief, there is no documentation showing when and by whom any data was purged. In any event, the number of other devices with which the cell site simulator exchanged signals is irrelevant, and defendant has no standing to challenge any impact of the cell site simulator on third-party cell phones.

19. As already stated in response to paragraphs 4, 6, 16, and 18 above, Agent Doyle testified that many categories of data were not obtained in the first place, and that no data was retained in the normal course. On information and belief, there is no documentation showing when and by whom any data was purged. In any event, any data obtained from third-party cell phones is irrelevant, and defendant has no standing to challenge any impact of the cell site

simulator on third-party cell phones.

20. As already stated in response to paragraphs 18 and 19 above, any impact of the use of the cell site simulator on third-party cell phones is irrelevant, and defendant has no standing to challenge any impact of the cell site simulator on third-party cell phones.

21. Defendant requests "[a]ll policies and procedures governing the device use [sic]" on the basis that he "needs the identity of the individuals the police relied upon in order to subpoena them."  Motion ¶21.  As defendant concedes, Detective Baumann testified that the warrant he sought and obtained was a form prepared by the Legal Division of the St. Louis Metropolitan Police Department in consultation with the Circuit Attorney's Office.  On information and belief, there was no written policy or procedure regarding the use of the form in January 2014.  To the extent defendant requests the policies and procedures of any other organization, those materials are irrelevant, as only Detective Baumann, of the Police Department, applied for the warrant.  To the extent defendant requests any policy and procedure not in effect in January 2014, those materials are irrelevant, as the warrant at issue here was obtained in January 2014.  Defendant's request is more akin to a civil interrogatory, and any such documents are not discoverable under Rule 16 or otherwise.

22. As defendant concedes, the Government disclosed as bates-numbered document 770, the non-disclosure agreement applicable to Agent Doyle.  Motion ¶22.  The Government requests that bates-numbered document 770 be made subject to the attached proposed protective order.  The Government has not produced any non-disclosure agreement applicable to Detective Baumann because, on information and belief, there is none.  As a basis for his request, defendant mischaracterizes Detective Baumann's testimony to suggest that he "limited the information he provided to Judge Burke . . . in light of a non-disclosure agreement."  Motion ¶22.  Detective

8

Baumann testified to no such thing and was equivocal regarding the application of any non-disclosure agreement in January 2014.   Detective Baumann since has confirmed that no non-disclosure agreement was in place.   Defendant also requests "all non-disclosure agreements in place between the manufacturer and the different government agencies involved."   Motion ¶22.   Again, on information and belief, there was no non-disclosure agreement applicable to Detective Baumann, or between the Police Department and any manufacturer of cell site simulators, in January 2014.   Regarding any non-disclosure agreement between the Secret Service and the manufacturer, it is irrelevant, as the Secret Service did not seek or obtain the warrant from Judge Burke.

  23. On information and belief, there were no minimization procedures or policies in place, as "minimization" is a term applicable to Title III intercepts and not to cell site simulators.  In any event, any impact of the use of the cell site simulator on third-party cell phones is irrelevant, and defendant has no standing to challenge any impact of the cell site simulator on third-party cell phones.   Defendant's request for "proof that the machine was not capable of collecting the data" is more akin to a civil interrogatory, and any such "proof" is not discoverable under Rule 16 or otherwise.

  24. In his 24th and final request, defendant demands that the device be made available for inspection and testing by a defense expert.   Defendant laments that "[c]ounsel has been unable to locate a single individual in the country who has been allowed access to a cell site simulator and/or its training manuals."   Motion ¶24.   Counsel continues, "The defense has been in contact with the ACLU, the Electronic Frontier Foundation, the Federal Defender Organization, and multiple Universities [sic] and has located no one who has been granted access to a cell site simulator."  Motion at 7.   First, these lamentations that defendant can find no one to whom a cell site simulator

9

has been made available for inspection make clear just how extraordinary and unrealistic defendant's request is.  No court in the land has ordered such a debacle, yet defendant hopes this Court will do so.

Second, neither Rule 16 nor any other discovery rule mandates that the Government, or any other party, go about creating an expert for an opposing party in a field where there otherwise is none.  Again, in a similar suppression hearing context involving a polygraph, there would be no reason to make the polygraph machine available for inspection by a defense expert, as the efficacy of the polygraph would not be at issue, just as the efficacy of the cell site simulator is not at issue here.

Third, defendant's purported reason for requesting access to the device is to "confirm or refute the statements made by SA Doyle."  Motion at 7.  Assuming this is a Brady request, "in the typical case where a defendant makes only a general request for exculpatory material under Brady v. Maryland, 373 U.S. 83 (1963), it is the State that decides which information must be disclosed."  Pennsylvania v. Ritchie, 480 U.S. 39, 59 (1987).  Before asking the Court to review some item pursuant to Brady, the defendant must make a "plausible showing" that the item to be reviewed contains "material evidence." Id. at 59 n.15.  Defendant has made no such showing, nor can he show, that anything having to do with an inspection of the cell site simulator will exculpate him at trial.

Finally, defense counsel's admissions that she has been in contact with the ACLU and the Electronic Frontier Foundation, combined with defense counsel's recent comments on this pending case in the St. Louis Post-Dispatch are revelatory of ulterior motives for defendant's burdensome, overbroad, and irrelevant discovery requests. See www.stltoday.com/news/local/ crime-and-courts/secret-service-agent-s-testimony-shines-light-on-use-of/article_f37e0c1d-824c-

10

5fad-b630-48084553cdf2.html.[1]  Those motives apparently have little, if any, respect for the limits of discovery in this case.

The Government will continue to comply with, and exceed, its discovery obligations pursuant to Rule 16(a).

## II.   CONCLUSION

For the foregoing reasons, defendant's motion to compel discovery should be denied.

> Respectfully submitted,
>
> RICHARD G. CALLAHAN
> United States Attorney
>
> s/ *Cristian M. Stevens*
> CRISTIAN M. STEVENS (#48028MO)
> Assistant United States Attorney
> 111 South Tenth Street, Room 20.333
> St. Louis, Missouri 63102
> (314) 539-2200

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the above and foregoing was filed electronically with the Clerk of the Court to be served by operation of the Court's electronic filing system this 7th day of September, 2016, to Diane Dragan, Assistant Federal Public Defender, 1010 Market Street, Suite 200, St. Louis, MO 63102.

> s/ *Cristian M. Stevens*
> ASSISTANT UNITED STATES ATTORNEY

---

[1]  Ironically, defense counsel, apparently an expert herself, opined that she was "skeptical that simulators can't extract text, email and call data from a cell phone." Id.

## **GOVERNMENT'S PROPOSED PROTECTIVE ORDER**

The Court, having considered the Government's motion for a protective order, and being fully advised in this matter, hereby enters the following PROTECTIVE ORDER:

1. This Protective Order governs all discovery material in any format (written or electronic) that is produced by the government in discovery in the above captioned case, relating to the cell site simulator suppression issue pending before the Court.

2. The United States will make available copies of discovery materials, including those filed under seal, to defense counsel to comply with the government's discovery obligations. Possession of copies of the discovery materials is limited to the attorneys of record, and investigators, paralegals, law clerks, experts and assistants for the attorneys of record (hereinafter collectively referred to as members of the defense team).

3. The attorneys of record and members of the defense team may display and review the discovery materials with the Defendant. The attorneys of record and members of the defense team acknowledge that providing copies of the discovery materials to the Defendant and other persons is prohibited, and agree not to duplicate or provide copies of discovery materials to the Defendant and other persons.

4. Nothing in this order should be construed as imposing any discovery obligations on the government or the defendant that are different from those imposed by case law and/or Rule 16 of the Federal Rules of Criminal Procedure.

5. Any discovery material that is filed with the Court in connection with pre-trial motions, trial, sentencing, or other matter before this Court, shall be filed under seal and shall remain sealed until otherwise ordered by this Court. This does not entitle either party to seal their filings as a matter of course. The parties are required to comply in all respects with the relevant local and federal rules of criminal procedure pertaining to the sealing of court documents.

6. The provisions of this Order shall not terminate at the conclusion of this prosecution.

7. Any violation of any term or condition of this Order by the Defendant, the Defendant's attorney(s) of record, or any member of the defense team, may be held in contempt of court, and/or may be subject to monetary or other sanctions as deemed appropriate by this Court.

8. Any discovery materials provided pursuant to this Order shall be returned to the United States Attorney's Office, including all copies, within ten days of the completion of the case before the Court or, if an appeal is taken, within ten days of the completion of the case in the United States Court of Appeals for the Eighth Circuit or Supreme Court of the United States.

If the Defendant violates any term or condition of this Order, the United States reserves its right to seek a sentencing enhancement for obstruction of justice, or to file any criminal charges relating to the Defendant's violation.

DATED this ____ day of September, 2016.

_____
UNITED STATES DISTRICT COURT JUDGE